**PLAYBOY ENTERPRISES, INC., Plaintiff,**

v.

**STARWARE PUBLISHING CORP., and D. Andrew Kasanicky, Defendants.**

**No. 94–6475–CIV.**

United States District Court, S.D. Florida.

May 11, 1995.

**ORDER GRANTING PLAYBOY ENTER-PRISES, INC.'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST D. ANDREW KASANICKY**

RYSKAMP, District Judge.

## I. INTRODUCTION

THIS CAUSE came before the Court upon plaintiff's, Playboy Enterprises, Inc. ("PEI"), Motion under Fed.R.Civ.P. 56 for partial summary judgment of liability for copyright infringement against defendant D. Andrew Kasanicky ("Kasanicky"). PEI's Motion was filed on March 30, 1995. Kasanicky filed its opposition on April 24, 1995, to which PEI filed a reply on May 1, 1995.

## II. BACKGROUND

On May 8, 1995, this Court granted partial summary judgment on PEI's claim against Starware for infringement of 53 copyrights as a result of Starware's reproduction and distribution of its "Private Pictures I" CD-ROM disk. The copyright registrations at issue are identified as Nos. 1–39 and 41–54 in Exhibit A to PEI's Verified Complaint, filed May 26, 1994, and true copies thereof are attached as Exhibits B1–B39 and B41–B54 to PEI's Verified Complaint.[1] Specifically, the Court found that the images contained on the "Private Pictures I" CD–ROM disk, as reproduced in Exhibits D1–D39 and D41–D54 to PEI's Verified Complaint, respectively infringed PEI's above-identified copyright registrations.

PEI now brings this Second Motion for Partial Summary Judgment for Copyright Infringement against defendant Kasanicky. In its Motion, PEI requests that the Court grant partial summary judgment against defendant Kasanicky, President and shareholder of defendant Starware, for infringement of the copyright registrations based on his involvement and financial interest in Starware's distribution of the "Private Pictures I" disks.[2]

Harvey W. Gurland, Jr., Mershon, Sawyer, Johnston, Dunwody & Cole, P.A., Miami, FL, John D. Vandenberg, David P. Petersen, Joseph T. Jakubek, Klarquist, Sparkman, Campbell, Leigh & Whinston, Portland, OR, for plaintiff.

Barry L. Haley, Malin, Haley, McHale, DiMaggio & Crosby, P.A., Fort Lauderdale, FL, for defendants.

1. At oral argument, PEI dropped a 54th registration from its Motion. Accordingly, any references to PEI's copyrighted works and registrations in general include only the works at issue.

2. A detailed factual background in this case is included in the Court's May 8, 1995 Order granting PEI's First Motion for Partial Summary Judgment for copyright infringement.

**440**

### III. *STANDARD FOR SUMMARY JUDGMENT*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.1991). A moving party discharges its burden by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554. If a moving party has discharged its burden, the nonmoving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," establish that there is a genuine issue of material fact for trial. *Id.* at 324, 106 S.Ct. at 2553. A "genuine" dispute as to a material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2511–12.

### IV. *DISCUSSION*

By its Motion, PEI alleges that because of Kasanicky's actions as President and/or shareholder of Starware during the time that Starware infringed upon PEI's copyrighted materials, Kasanicky is personally liable for copyright infringement under the same facts.

In support of its Motion, PEI relies principally upon Kasanicky's own admissions concerning his involvement and financial interest in the distribution of the "Private Pictures I" disks. These admissions were obtained through PEI's Requests for Admissions[3]

("RFA") submitted to Kasanicky during discovery and provide that as President and/or shareholder of Starware, Kasanicky:

(1) authorized the sale by Starware of the "Private Pictures I" disks (RFA No. 1) and had the right and the ability to stop the sale of the disks throughout the period of their sale (RFA Nos. 18 and 21);

(2) benefited financially from the sale by Starware of the "Private Pictures I" disks (RFA No. 2);

(3) received payments from Starware in the form of distributions to shareholders during the period since January 1, 1992 (RFA No. 9);

(4) received payments from Starware in the form of loans during the period since January 1, 1992 (RFA No. 11);

(5) authorized advertisements by Starware of the "Private Pictures I" disks (RFA No. 12) and had the right and the ability to stop Starware from advertising these disks throughout the period of their advertisement (RFA Nos. 19 and 16);

(6) authorized the production by Starware of the "Private Pictures I" disks (RFA No. 13) and had the right and the ability to stop Starware from ordering the production of additional "Private Pictures I" disks throughout the period since their first production (RFA Nos. 10 and 20);

(7) authorized the purchase or procurement of the files or images contained on the "Private Pictures I" disks from others for use by Starware (RFA No. 14); and

(8) had the ability to supervise Starware's sale, advertisement and production of the "Private Pictures I" disks throughout the periods of their sale, advertisement and production (RFA Nos. 21, 22 and 23).

The Eleventh Circuit has established the following two tests to determine personal liability for copyright infringement: "An individual, including a corporate officer, who has the ability to supervise infringing activity

---

**3.** *See* Defendants' Response to Plaintiff's First Set of Requests For Admissions Nos. 1–35, February 8, 1995, attached to PEI's Second Motion for Summary Judgment as Exhibit 1.

and has a financial interest in that activity,[4] or who personally participates in that activity is personally liable for the infringement. *Southern Bell Tel. & Tel. Co. v. Assoc. Telephone Directory Publishers,* 756 F.2d 801, 811 (11th Cir.1985). This is so even if the individual or corporate officer was "ignorant of the infringement." *Id.*

The Court has already held that Starware's reproduction and distribution of its "Private Pictures I" disks containing PEI's copyrighted material infringed PEI's copyrights pursuant to 17 U.S.C. § 106(1), (2) and (3). Kasanicky's admissions establish that he is similarly liable for that infringement under each of the tests described in *Southern Bell.*

### A. Personal Liability Based on Vicarious Liability

The Court in *Southern Bell* set forth a two-part test for finding vicarious liability in copyright infringement actions. First, the individual or corporate officer must have had the ability to supervise the infringing activity and, second, that individual must have had a financial interest in that activity. *Southern Bell,* 756 F.2d 801, 811. Kasanicky's activities related to Starware's infringement of PEI's copyrights satisfy both parts of the *Southern Bell* test for vicarious liability.[5]

Kasanicky has admitted that he had the ability to supervise Starware's infringing activity. Specifically, Kasanicky has admitted that as President of Starware, he had the "ability to supervise" at all relevant times Starware's sale, advertisement, and ordering of production of the "Private Pictures I" disks.[6] Kasanicky has also admitted that he had the "ability" and the "right" at all relevant times to stop the sale, advertisement,

and ordering of production of the "Private Pictures I" disks by Starware.[7] Pursuant to these admissions, the Court finds that Kasanicky's supervisory abilities at Starware satisfy the Eleventh Circuit's test for vicarious liability set forth in *Southern Bell,* 756 F.2d at 811.

The Court further finds that Kasanicky had a direct financial interest in the infringing activity which satisfies part two of the test for vicarious liability for copyright infringement. By his own admission, Kasanicky benefitted financially from the sale by Starware of the "Private Pictures I" disks.[8] In addition, Kasanicky has admitted that during the relevant period since January 1, 1992, he received payments from Starware in the form of distributions to shareholders and loans.[9] By virtue of these admissions, the Court finds that no genuine issues of material fact exist regarding Kasanicky's ability and right to supervise the infringing activity and his financial interest in that activity. PEI is, therefore, entitled to partial summary judgment as a matter of law.

### B. Personal Liability Based on Personal Involvement

In addition to the Court's finding that Kasanicky is vicariously liable for Starware's copyright infringement, the Court finds that Kasanicky is personally liable based on his personal involvement and participation in the infringing activity. In *Southern Bell,* the Eleventh Circuit stated that "an individual, including a corporate officer ... who personally participates in [infringing] activity *is personally liable for the infringement. Southern Bell,* 756 F.2d at 811 (emphasis added). Kasanicky has admitted authorizing the sale, advertisement, and production of

---

**4.** *See also* 3 M. Nimmer & D. Nimmer, *Nimmer on Copyrights* § 12.04[A][1] at 12–67 (1994) (vicarious liability exists "[w]hen the right and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials ..." (citing *Pinkham v. Sara Lee Corp.,* 983 F.2d 824, 834 (8th Cir.1992)).

**5.** The Court acknowledges that the Eleventh Circuit in *Southern Bell* did not use the term "vicarious liability" to describe either of its tests for personal liability in copyright infringement cases. This Court uses the term, however, to distinguish the two tests. Under the first test, an individual may be found personally liable for copyright infringement based upon his ability to *supervise* the

infringing activity, whereas under the second test, an individual may be found liable for copyright infringement based on her *personal participation* in the infringing activity. Because the first test refers to *indirect* legal responsibility, the Court shall use the term vicarious liability to describe it.

**6.** *See* RFA Nos. 21–23.

**7.** *See* RFA Nos. 15–20.

**8.** *See* RFA Nos. 9 and 11.

**9.** *See* RFA Nos. 9 and 11.

the "Private Pictures I" disks as well as the purchase or procurement of the accused images or files contained in those disks.[10] Under *Southern Bell,* the Court finds that no genuine issues of material fact exist concerning Kasanicky's personal participation in the infringing activity and that PEI is therefore entitled to partial summary judgment as a matter of law.

## V. *CONCLUSION*

THE COURT has considered the Motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the said Motion be, and the same is hereby GRANTED. PEI is granted partial summary judgment on its claim against D. Andrew Kasanicky for infringement of the 53 copyrights identified as Nos. 1–39 and 41–54 in Exhibit A, and set forth specifically in Exhibits B1–B39 and B41–B54 to PEI's Verified Complaint, as a result of Starware's reproduction and distribution of its "Private Pictures I" CD–ROM disk and the accused images and files thereon.

DONE AND ORDERED.

---

**10.** *See* RFA Nos. 1, 12, 13, and 14.